## Cox *v.* The Ætna Insurance Company.

WRITTEN CONTRACT—FALSE READING OF.—A false reading of a writing to one not able to read may make the instrument void, but such a fraud cannot give to the instrument a greater effect than its terms will allow.

INSURANCE.—SURVEY.—WARRANTY.—Where a policy of insurance against loss by fire contained a stipulation that the survey should be taken as "a part of the policy and warranty on the part of the assured," it was held that the statements of the assured in the survey became a part of the policy, and would be regarded as a warranty.

SAME.—The survey concluded with a covenant on the part of the assured "that the foregoing is a full, just and true exposition of all the facts," &c., "so far as the same are known to the applicant and material to the risk," and it was held that those matters as to which particular inquiries were made in the survey must be regarded as "material to the risk," by express contract of the parties, but that there must be a substantial breach of the warranty to defeat the action.

SAME.—One question in the survey was, "Are the outside walls brick or stone?" The answer was, "brick." To this question, there was a note, as follows; "If the building be wood, omit replies to these questions." The breach of the warranty alleged was "that the outside walls were not all brick."

*Held,* that the point of the question was whether the walls were of wood, or of the more indestructable material, brick or stone, and that the breach was not well alleged, because it was not averred that any part of the walls was not of stone or brick.

SAME.—OVERVALUATION.—The policy contained a stipulation that in a "valued policy," an overvaluation should render the policy void. This was not a valued policy, but in the survey a question was asked and answered as to the value.

*Held,* that the statement as to value was not material to the risk.

Cox *v.* The Ætna Insurance Company.

SAME.—INCUMBRANCE.—A false answer in the survey as to the incumbrances upon the property was held to be "material to the risk," and to constitute a good defense to a suit upon the policy.

MISTAKE.—REFORMATION OF INSTRUMENT.—To a suit upon a policy of insurance, the defendant answered, setting up a breach of warranty on the part of the assured, in false answers to certain questions in the survey. Reply, that the answers had been written down by the agent of the company, and that he had made mistakes in recording the same, &c. Prayer for a reformation of the instrument.

*Held*, that if the plaintiff desired a reformation of the instrument, he should have asked it in his complaint, and not in his reply.

*Held*, also, that a mistake of the agent in recording the answers of the assured would not entitle him to a reformation of the contract, unless it should be made to appear that it was not upon the faith of this warranty that the risk was accepted.

APPEAL from the *Ohio* Circuit Court.

GREGORY, C. J.—Suit by *Cox* against the insurance company on a policy of insurance against loss by fire. The policy contains this stipulation: "And that this policy is made and accepted in reference to the conditions hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for."

The fourth condition contains the following: "Applications for insurance must specify the construction and materials of the building to be insured, &c., by whom occupied, whether as a private dwelling, or how otherwise; its situation with respect to contiguous buildings, and their construction and material; whether any manufactory is carried on within or about it, &c. And a false description by the assured of a building, or of its contents, or the omission to make known any fact material to the risk, or, in a valued policy, an overvaluation, shall render absolutely void a policy issued upon such description or valuation. But the office will be responsible for the accuracy of surveys and valuations made by its agents," &c. The fourteenth condition is as follows: "When a policy is made and issued upon a survey and description of certain property, such survey and description shall be taken and deemed to be a part and

portion of such policy, and warranty on the part of the assured." The assured signed a survey, in which is the following: "2. *Walls.*—Are the outside walls brick or stone? Answer.—Brick. * * (If the building be wood, omit replies to these questions.) * * * 12. What is the present cash value of the property to be insured? Answer.— Fifteen hundred dollars. * * * 14. What incumbrance, if any, is now on said property? Answer.—None." "And the said applicant hereby covenants and agrees, to and with said company, that the foregoing is a full, just and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property to be insured, so far as the same are known to the applicant, and material to the risk."

The defendant answered in five paragraphs. 1. General denial. 2. That to the question in the application, "Are the outside walls brick or stone?" the plaintiff falsely answered, "brick," which said outside walls were not all brick. 3. That to the question, "what is the present cash value of the property to be insured?" the plaintiff falsely answered "$1,500," when it was worth only $600. 4. That to the question, "what incumbrance, if any, is on said property?" the plaintiff falsely answered, "none," when he held it by title bond, and the purchase money, or a part thereof, was unpaid. 5. The same as the last paragraph, except that the incumbrance was alleged to be an outstanding mortgage on the premises, executed by a former owner thereof.

The plaintiff demurred separately to each paragraph of the answer, except the first. The demurrers were overruled, and this is assigned for error. The plaintiff replied in six paragraphs. 1. The general denial to the second, third, fourth and fifth paragraphs of the answer. 2. That the survey was written by the agent of the insurance company who negotiated the contract, except the signature of *Cox* thereto, and that the answers therein were full, true and correct, so far as the facts were known to *Cox*, and mate-

rial to the risk. 3. That the survey was made out and filled up by *Rodman L. Davis*, who was then and there acting as the agent of the company in making the contract, and not as the agent of *Cox*, and that the answers to questions numbered two, twelve and fourteen were inserted in the survey, in the form in which the same appear therein, by the mistake of said *Davis*, contrary to the intention of *Cox*, and contrary to the agreement of the parties, and upon the information of said *Davis*, possessed by him, or derived from others than said *Cox*, and the said *Cox* did not know, and was not informed by said *Davis*, that he had so inserted in the survey the answers as therein expressed to the questions, wherefore plaintiff prays that the answers may be changed and the contract reformed, so as to correspond with the facts. And plaintiff alleges the facts to be, that as to the answer numbered two, said *Cox* answered that the outside walls were of "stone, brick and wood;" and his answer to question fourteen was and should be, that he had purchased said property from *Jeremy Pate* and *Elias Barricklow*, and held their title bond therefor, and had paid nothing thereon, and that he, said *Cox*, had put no incumbrance on the same, and knew of no incumbrance except the purchase money due to *Pate* and *Barricklow*, and if said answers are other or different than as last above stated, the same were put in the survey by the mistake of *Davis* in writing the same, and not in accordance with the understanding and agreement of the parties to the contract. 4. That *Cox* did not make any answer to the questions in the survey which were not true and correct, so far as the same were known to him and material to the risk. 5. As to the fourth and fifth paragraphs of the answer, that the answer to question fourteen, set out in said fourth and fifth paragraphs, was written down in the survey by the agent of the company, contrary to the agreement of the parties, and by the mistake of the agent, and averring what the answer really was, and what the agent should have inserted in the survey, and praying that the contract, survey and answer may be

reformed and made to conform to the agreement of the parties. 6. Relates to an alleged arbitration between the parties. The defendant demurred to all the paragraphs of the reply except the first. The demurrers were sustained, and the plaintiff excepted, and assigns for error this action of the court below.

There is some question made about an arbitration, but it is very clear, as to this matter, that the action of the court was correct. The eleventh condition of insurance in the policy stipulates that "damage to buildings not totally destroyed shall be appraised by disinterested men, mutually agreed upon by the assured and the office, or its agents." The agreement of submission, by its express terms, confined the power of the arbitrators to assessing the damage to the building, it not being totally destroyed, and was nothing more or less than the stipulation in the policy itself. No false representation as to the contents of the submission could give it a greater effect than its terms provide. An instrument may be made void by a false reading to one not able to read, but most clearly such a fraud could not give the instrument a greater power than it would have in the absence of such a fraud. But there is nothing in the pleadings presenting any fact which affects the validity of the submission.

It is contended that the survey is no part of the policy, and therefore a representation and not a warranty. Chancellor KENT says: "The insured is bound in good faith to disclose to the insurer every fact material to the risk, and within his knowledge, and which, if stated, would influence the mind of the insurer in making or declining the contract. The strictness and nicety required in the contract of marine insurance do not, it has been said, so strongly apply to insurance against fire, for the risk is generally assumed upon actual examination of the subject by skillful agents on the part of the insurance offices. Reasonable grounds of apprehension of loss from existing facts known to the insured, and denoting impending danger, must be stated to

the insurer, or the policy will be void, even though there was no intentional fraud in the case. If there be a representation of facts, it is sufficient if the same be fairly made and substantially true; and if the representation be referred to in general terms in the policy, and not spread out at large on the face of the instrument, it is only a representation, and does not amount to the technical warranty. When the policy contains a warranty or condition appearing upon the face of it, although written in the margin, or transversely, or on a subjoined paper referred to in the policy, it must be strictly complied with." 3 Kent Com. 373.

In *The Commonwealth Insurance Co., &c.* v. *Moninger*, 18 Ind. 352, this court held that a paper not attached to the policy might, by express stipulation in the policy, be made a part of it, and amount to a warranty. It is claimed that this decision is in conflict with the principle laid down by Chancellor KENT, cited above. We do not think so. In the case under consideration, it will be seen above, that by the fourteenth condition, which is a part of the policy itself, it is provided that "when a policy is made and issued upon a survey and description of certain property, such survey and description shall be taken and deemed to be a part and portion of such policy, and warranty on the part of the assured." The survey, therefore, by express agreement in the policy itself, was a part thereof, and a warranty on the part of the assured.

It is contended that the survey itself limits the warranty to matters "known to the applicant and material to the risk."

This turns upon the construction to be given to the clause, "And the said applicant hereby covenants and agrees, to and with said company, that the foregoing is a full, just, and true exposition of all the facts and circumstances, condition, situation and value of the property to be insured, so far as the same are known to the applicant, and material to the risk."

It is claimed by the appellee that this means only that the

assured knows of no *other facts* material to the risk. And this seems to be the view taken by the court in *Draper et al, v. Charter Oak Fire Insurance Company,* 2 Allen 569.

The matters about which specific inquiries were made in the survey, were treated by the parties at the time as material to the risk; it would seem, therefore, to be in direct conflict with the contract for the court to say that *these* matters were not material. But there must be a substantial breach of the warranty to defeat the action. It is clear that question two, and the note thereto, shows that the material inquiry was whether the outside walls were of wood, or the more indestructable material of brick or stone. That the outside walls " were not all brick," is not a breach of the warranty. They may be partly stone and partly brick. The court below erred in overruling the demurrer to the second paragraph of the answer.

It will be noticed that the policy contains a stipulation that " in *a valued policy,* an over valuation, shall render absolutely void a policy issued upon such    *    *    *    valuation." We think this must be taken with the warranty, to fix the effect of an over valuation. And as this was not a valued policy, the over valuation was not in the judgment of the contracting parties material to the risk. The court below therefore erred in overruling the demurrer to the third paragraph of the answer.

The fourth and fifth paragraphs of the answer are good, and the court below committed no error in overruling the demurrers thereto.

If the appellant seeks to reform the contract, he must do so in his complaint, and not in the reply. A mistake of the agent in writing out the responses to the questions in the survey, would not entitle the appellant to relief in equity, in reforming the contract, unless it shall be made to appear that it was not on the faith of this warranty that the company acted in accepting the risk and affixing the rate of insurance. It is not in the power of a court of chancery to make a contract different from that actually entered into

by the parties. The court below committed no error in sustaining the demurrers to the replies.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrers to the second and third paragraphs of the answer, and for further proceedings.

*A. C. Downey*, for appellant.

*A. G. Porter*, *B. Harrison* and *W. P. Fishback*, for appellee.