## ALLEN v. ANDERSON.

VENDOR AND PURCHASER.—*Fee Simple and Life Estate.—Merger.*—Where A. owned in fee simple an entire tract of land, of which B. held a certain portion during his life, and the title was in dispute and litigation, A. claiming to own the whole land subject to the life estate of B., and B. claiming to own one-fourth of the land in fee, in addition to his life estate, and a compromise was effected, by which A. conveyed to B. in fee one undivided fourth of the land, and B. conveyed to A. in fee the undivided three-fourths of such land, without any reservation of his life estate;

*Held*, that B. by his deed conveyed to A. three-fourths of his life estate.

*Held*, also, that when B. received of A. the conveyance in fee for one-fourth of the tract of land, the remaining one-fourth of his life estate was immediately merged in the greater estate.

MISTAKE.—*Reformation of Written Instrument.*—A court will not reform a written instrument by supplying the expression of an intention of the parties omitted through mistake of law and not of fact.

From the Clinton Circuit Court.

*J. Claybaugh, J. C. Suit*, and *S. O. Bayless*, for appellant. *H. Y. Morrison* and *A. E. Paige*, for appellee.

BUSKIRK, J.—The record in this cause presents for our decision the single question of whether the court below erred in sustaining a demurrer to the answer. The action was brought by the appellee against the appellant, to obtain a partition of certain real estate.

The appellant answered in one paragraph, the substantial averments of which were:

That the appellant and his wife, in consideration of natural love and affection, conveyed the land in dispute to their daughter, Elizabeth Crockett, on the 9th day of September, 1868; that, on the day last aforesaid, the said Elizabeth and her husband, Hugh T. Crockett, executed to the appellant a written lease for a certain portion of said real estate for and during his natural life; that in said lease the property leased is described as follows: five acres off the north-west corner of section thirteen, township twenty-one, north of range two west; that the portion leased and intended to have been described was, five acres off the north-east corner of the south-east quarter of section thirteen, township twenty-one,

north of range two west; that the draftsman, by mistake and inadvertance, inserted the wrong description in the lease, without the knowledge or consent and against the wishes of the parties; that the said lease was duly recorded; that the appellant immediately took possession of the portion leased and intended to be described, and has ever since retained the open, exclusive, and adverse possession thereof; that afterward the said Elizabeth departed this life, testate and without issue, leaving as her sole heirs her husband and father and mother; that the said Elizabeth, by her last will and testament, devised to her said husband all the real estate conveyed by appellant and wife to her; that the appellant instituted in the February term, 1870, an action in the Clinton Common Pleas to test the validity of the will of said Elizabeth; that during the pendency of said action, and with full notice of such lease and all the other facts herein recited, the said appellee purchased the lands in dispute; that on the 7th day of March, 1870, while said cause was pending, and said court being in session and said cause being on trial, said *Crockett,* by and with the consent and knowledge of and advice of the said plaintiff, and with full knowledge of the then existing lease, compromised and settled said litigation; the said Hugh T. Crockett executed and delivered to the appellant a certain quitclaim deed for the one undivided one-fourth of said real estate, and this appellant and wife executed and delivered to the said Hugh T. Crockett their quitclaim deed for the undivided three-fourths of said land; that said conveyances were executed for the express purpose of vesting the title of the said lands respectively to each of said parties the same as though no will had been made by the said Elizabeth; that is to say, that her said husband, the said Hugh T. Crockett, should have the undivided three-fourths of said land, and the said appellant should have the undivided one-fourth of said lands; that the said lease was still in existence and was not merged in said deed of quitclaim, nor was it the intention of the parties that it should be, but said parties, the heirs of the said Elizabeth, were to

be placed in the same situation that they would have been, if the said Elizabeth had died intestate; that after said settlement and adjustment, and after the said deeds had been made, executed, and delivered, and with full knowledge of all the foregoing facts, the said plaintiff accepted a deed from the said Hugh T. Crockett for the undivided three-fourths of said land, and with full knowledge of the then existing lease of the appellant on said land, and with full knowledge of the possession of the appellant of the portion of said land embraced in the said lease.

There were filed with the complaint and answer copies of the deeds from Allen and wife to Mrs. Crockett, from Crockett to Allen and wife, and from them to Crockett, and the lease from Crockett and wife to appellant.

The prayer of the answer was as follows: "Wherefore defendant prays that said mistake in the description in the said lease may be corrected, and that there be a partition of said lands according to the rights of the parties as determined in the said compromise and quitclaim deeds; that the court do order and decree that in making partition of the said lands, the defendant shall have and retain the possession of the property embraced in said lease during his natural life, and that his title to said life estate be forever quieted."

A demurrer was sustained to the answer, and the appellant excepted, and refusing to plead further, final judgment was rendered for partition of the lands described in the complaint, one-fourth being assigned to the appellant and three-fourths to the appellee.

It was alleged in the complaint that the plaintiff was the owner of three-fourths, and the defendants of one-fourth, of the lands sought to be parted.

The real controversy, therefore, relates to the lease executed by Crockett and wife to the appellant, and the question presented for our decision is, whether, under the facts stated, the appellant was entitled to have the lease reformed, and his title thereto quieted for and during his natural life.

It is insisted by counsel for appellee that by the compro-

mise the appellant and Crockett became the owners in fee,
as tenants in common, of the lands in dispute, and that the
quitclaim deed of the appellant and wife conveyed all their
right, title, and interest to Crockett in three-fourths of such
lands, and that there being no reservation of the lease in
such deed, the appellee, as grantee of Crockett, can not be
prejudiced by any intention of appellant unexpressed in the
deed, and that parol evidence is not admissible to vary the
terms of the deed, or explain the intention of the appellant.

It is contended by counsel for appellant that the life estate
was not merged by the conveyance of the fee of the one
undivided fourth part of the entire tract of land; but that,
conceding there was a merger, it only extended to three-fourths
of the life estate, the other fourth remaining in the appellant.

The doctrine of merger is thus stated by Judge BLACK-
STONE, on page 177 of book 2 of his Commentaries:

" Before we conclude the doctrine of remainders and rever-
sions, it may be proper to observe, that whenever a greater
estate and a less coincide and meet in one and the same per-
son, without any intermediate estate, the less is immediately
annihilated; or, in the law phrase, it is said to be merged, that
is, sunk or drowned in the greater.    Thus, if there be tenant
for years, and the reversion in fee simple descends to or is
purchased by him, the term of years is merged in the inher-
itance, and shall never exist any more.    But they must come
to one and the same person, in one and the same right; else,
if the freehold be in his own right, and he has a term in
right of another (*en autre droit*), there is no merger.    There-
fore, if tenant for years dies, and makes him who hath the
reversion in fee his executor, whereby the term of years
vests also in him, the term shall not merge; for he hath the
fee in his own right, and the term of years in the right of
the testator, and subject to his debts and legacies.    So also,
if he who hath the reversion in fee marries the tenant for
years, there is no merger; for he hath the inheritance in his
own right, the lease in the right of his wife."

Let us apply this doctrine to the case in judgment.

Crockett owned in fee simple the entire tract of land. The appellant held a lease on five acres of such land during his life. The title to the entire tract of land, except the term for years, was in dispute and litigation. Crockett claimed to own the whole land, subject to the life estate. The appellant claimed to own one-fourth of the land in fee, in addition to his life estate. A compromise was effected, by which Crockett conveyed to appellant in fee one undivided fourth of the tract of land, and appellant and wife conveyed to Crockett in fee the one undivided three-fourths of such land. There was no reservation in the latter deed of the life estate. The appellant, therefore, conveyed to Crockett three-fourths of his life estate. The appellant then had one-fourth of his life estate remaining in him. But, when he received a conveyance in fee for one-fourth of the tract of land, his life estate was immediately annihilated. The greater and the less estate met in one and the same person, and the less was merged in the greater estate. BLACKSTONE says: "Thus, if there be tenant for years, and the reversion in fee simple descends to or is purchased by him, the term for years is merged in the inheritance, and shall never exist any more." It seems to us that the appellant's remaining interest in the life estate was merged in the greater estate which he acquired by deed.

But it is alleged in the answer that there was a misdescription of the land in the lease. We think it is very clearly shown that there was such misdescription, and that a clear case is made for a reformation of the lease; but a reformation of the lease would not avail the appellant unless the deeds can be reformed; for if the deeds remain as they are, the entire life estate is gone, three-fourths by conveyance and one-fourth by merger.

We, therefore, proceed to inquire whether, under the allegations of the answer, the appellant was entitled to a reformation of the deeds. To entitle a party to the decree of a court of equity, reforming a written instrument, he must show, first, a plain mistake, clearly made out by satisfactory

proofs. In the next place, he must show that the material stipulation, which he claims should be omitted or inserted in the instrument, was omitted or inserted contrary to the intention of both parties and under a mutual mistake. *Nevius* v. *Dunlap*, 33 N. Y. 676. The mistake must be one of fact, and not of law. It must be shown that words were inserted that were intended to have been left out, or that words were omitted which were intended to be inserted. *Cox* v. *The Ætna Ins. Co.*, 29 Ind. 586; *Nelson* v. *Davis*, 40 Ind. 366.

The allegations of the answer, in reference to the mistake in the deeds, are as follows: "That said conveyances were executed for the express purpose of vesting the title of the said lands respectively to each of said parties, the same as though no will had been made by the said Elizabeth; that is to say, that her said husband, the said Hugh T. Crockett, should have the undivided three-fourths of said land, and the said defendant should have the undivided one-fourth of said lands; that the said lease was still in existence and was not merged in the said deed of quitclaim, nor was it the intention of the parties that it should be, but said parties, the heirs of the said Elizabeth, were to be placed in the same situation that they would have been, if the said Elizabeth had died intestate." It is further alleged that the appellee took his conveyance from Crockett with full knowledge of all the facts above stated, and that appellant was in the open and undisturbed possession of the land intended to be embraced in the lease.

It appears to us that there was a greater mistake of law than of fact. It is not alleged that the parties were ignorant of what was in the deeds. It is not pretended that there was an agreement or understanding that there was to be inserted in the deeds a reservation of the life estate, and that it was omitted by the mutual mistake of the parties. But it is made to appear that the parties supposed that the making of the deeds would not impair or destroy the life estate of the appellant. There was doubtless a clear mistake as to the

legal effect and force of the deeds, but that is such a mistake as cannot be corrected. We have given this case a patient and very thorough consideration and have reluctantly come to the conclusion that no relief can be granted to the appellant.

The judgment is affirmed, with costs.