Baldwin *et al. v.* Kerlin *et al.*

———————————————o———————————————

BALDWIN ET AL. *v.* KERLIN ET AL.

SPECIFIC PERFORMANCE.—*Uncertainty in Contract.*—*Parol Evidence.*—Suit by A. and B. against C. and D. for specific performance of the following contract:

Baldwin *et al. v.* Kerlin *et al.*

"MESSRS. A. AND B.,—*Gents:* We will give you our woollen mills, with all the appurtenances thereunto, situated in the north-west corner of public square in the town of Franklin, Indiana, for six hundred and forty acres of land in Anderson county, Kansas, one thousand dollars cash, five hundred dollars in six months, without interest; each party to pay the taxes on their property for 1870.

"Franklin, April 7th, 1871.                                        C. & D."

"We accept the above proposition.                         A. & B."

*Held,* that parol evidence was inadmissible in such case, first, to describe the real estate, and then to apply the description.

*Held,* also, that evidence offered to show that the premises of C. & D. were not in the public square in the town of Franklin, nor adjoining it, would contradict the writing, and be inadmissible.

*Held,* also, that there being no description of the land in Anderson county, Kansas, nor any mode agreed upon by which the lands intended could be identified, parol evidence to show what land was intended, or to permit A and B. to select what lands they pleased, would be to make a new and different contract for the parties.

*Held,* also, that the contract was too vague and uncertain as to the description of the property proposed to be exchanged to be aided and the property identified by parol evidence.

PLEADING.—*Complaint to Correct Mistake.*—A complaint to correct a written contract on the ground of a mistake, and to enforce it, wherein it is averred, in a very general and indefinite way, that by the mistake, inadvertence, or neglect of the scrivener drawing it up, and without any fault of the plaintiff, the contract does not fully set forth the agreement of the parties, without showing in what respect or particular it fails to set forth the agreement, what words are omitted that it was agreed should be inserted, or what words are inserted contrary to the intention of the parties, is bad.

SAME.—*Mistake.*—A mistake that can be corrected in such case must have been a mutual mistake of fact. It is not enough that one of the parties was mistaken.

From the Johnson Circuit Court.

*S. P. Oyler* and *D. Howe,* for appellants.

*T. W. Woollen, C. Byfield, G. M. Overstreet,* and *A. B. Hunter,* for appellees.

BUSKIRK, J.—This was an action, originally commenced in the Johnson Circuit Court, at the September term, 1871, by appellants against appellees, John and Joseph, and their wives, Rachel and Sarah Kerlin, and Horace Allen. The complaint is in two paragraphs. The facts averred in the first paragraph are substantially as follows: That on the

7th day of April, 1871, appellants were and still are the own-
ers, and possessed of certain real estate, of the value of six
thousand four hundred dollars, described in the paragraph,
situate in Anderson county, Kansas ; being all the real estate
then owned by them in said county, and being the same
referred to in Exhibit A as " six hundred and forty acres of
land in Anderson county, Kansas ;" that at the date aforesaid
appellees John and Joseph Kerlin were the owners of certain
real estate of the value of ten thousand dollars, and includ-
ing certain woollen mills and appurtenances thereon situate,
in Johnson county, Indiana, described in the paragraph as
part of lots forty-two and forty-three, in the original plat of
the town (now city) of Franklin ; that said lots forty-two and
forty-three adjoin the north-west corner of the public square
of said city of Franklin, said woollen mills being situate on
the west end of said lots, now about sixty feet distant from the
north-west corner of the square aforesaid ; that said real
estate was all then owned by said appellees John and Joseph
Kerlin, in the city of Franklin, and is the same referred to
in Exhibit A, as " our woollen mills, with all the appurte-
nances thereunto, situated in the north-west corner of the
public square, in the town of Franklin ;" that at the date
aforesaid, appellants and appellees John and Joseph Kerlin
entered into an agreement, whereby appellants agreed, in
consideration of the conveyance to them by said Kerlins of
said woollen mills and appurtenances, to convey to said Ker-
lins said land in Anderson county, Kansas, to execute a note
for five hundred dollars, payable without interest at six
months after the date thereof, and also pay to said Kerlins
one thousand dollars cash ; that in pursuance of said agree-
ment, a written contract was entered into by the appel-
lants, by the name and style of Baldwin & Payne, and appel-
lees Kerlins, under the name of J. & J. Kerlin, of the tenor
following :

"MESSRS. BALDWIN & PAYNE: *Gents,* We will give you
our woollen mills, with all the appurtenances thereunto, situ-

ated in the north-west corner of public square, in the town of Franklin, Indiana, for six hundred and forty acres of land in Anderson county, Kansas, one thousand dollars cash, five hundred dollars in six months, without interest, each party to pay the taxes on their property for 1870.

"Franklin, April 7th, 1871.    J. & J. KERLIN."

"We accept the above proposition.

"BALDWIN & PAYNE."

That appellants have always been and still are ready to perform their part of the contract; that on the 11th day of April, 1871, they tendered the Kerlins a warranty deed, duly stamped, for the Kansas land, a note, duly stamped, for five hundred dollars, due on or before October 7th, 1871, and one thousand dollars in United States treasury notes, and demanded performance of the contract by the Kerlins on their part, which they refused to perform, and have ever since refused, to appellants' damage ten thousand dollars; that appellee Allen claims some interest, the nature of which is to the appellants unknown, in said woollen mills and appurtenances. The paragraph concludes with a prayer for specific performance, and also the usual prayer for all proper relief.

The second paragraph alleges substantially all the facts averred in the first paragraph, and in addition the following : "That one Joseph Garshwiler was employed by the Kerlins to reduce the agreement to writing; that he did draw up the contract set forth in exhibit A, purporting and intended to be executed in compliance with and to embody said agreement, but by mistake, and without any fault of appellants, said written contract did not fully set forth the agreement of the parties, but was nevertheless signed and executed by all the parties thereto in good faith, all supposing that said written contract was conformable to and embodied their agreement; that afterward appellee Horace Allen purchased said woolen mills and appurtenances, and received a conveyance thereof from the Kerlins; and at the time of the payment

to them by him of the purchase-money, he had full knowl-edge of their agreement with appellants, and of all the facts before stated." The paragraph contains, besides the usual general prayer, a prayer, in the alternative, for specific per-formance, or, in the event that the court shall deem the facts not sufficient to warrant such a decree, then for damages.

Copies of the written contract, deed, and note are filed as parts of both the first and second paragraphs, marked "exhibit A." Afterward, on the 6th day of February, 1872, appellants filed a supplemental complaint against appellee Deloss Root. The supplemental complaint alleges that since the filing of the original complaint, appellee Root purchased of appellee Allen an interest in the woollen mills, etc. It concludes with a prayer that Root be made a defend-ant to answer as to his interest, and that he may be bound by the decree, etc.

At the September term, 1872, all the appellees appeared, and the following demurrers were filed, all for the fifth statu-tory cause :

1. A joint demurrer to the complaint by all the appellees.

2. A joint demurrer to the complaint by John and Joseph Kerlin.

3. A joint demurrer to the complaint by Rachel and Sarah Kerlin.

4. A separate demurrer to the complaint by Horace Allen.

5. A separate demurrer to the original and supplemental complaint by Deloss Root.

All the demurrers were sustained; to the ruling sustaining all and each of which appellants at the time excepted. Appellants declining to amend, judgment was rendered accordingly against appellants, and in favor of appellees, for costs. The errors assigned are :

1. The sustaining of the joint demurrer to the complaint of all the appellees.

2. The sustaining of the joint demurrer of appellees John and Joseph Kerlin to the complaint.

3. The sustaining of the separate demurrer of appellee Allen to the complaint.

4. The sustaining of the separate demurrer of appellee Root to the original and supplemental complaints.

Three questions are discussed with marked ability by coun-sel, and they are:

1. Is the contract susceptible of enforcement, as it reads?

2. Should the contract be reformed, as asked?

3. If the contract is reformed as prayed for, should it be enforced?

The questions discussed under the first proposition are, whether the description of the mill property is sufficient to be enforced; and if not, may the description be aided by parol evidence?

Is the contract as it now reads susceptible of enforce-ment, or is it void on account of the defective description of the property to be exchanged? An ageement to convey lands will not be enforced unless it "contain the essential terms of the contract, expressed with such a degree of cer-tainty that it may be understood without recourse to parol evidence to show the intention of the parties." Browne Stat. Frauds, sec. 371.

The same learned author says: "It must, of course, appear from the memorandum, what is the subject-matter of the defendant's engagement. Land, for instance, which is pur-ported to be bargained for, must be so described that it may be identified." Browne Stat. Frauds, sec. 385, and authorities there cited.

It has been held by this court, that in an action to enforce specific performance of a contract for the conveyance of land, if the contract states sufficiently every other fact required in such a contract by the statute of frauds, but fails to clearly identify the land to be conveyed, by an intelligible descrip-tion, but contains a description which, so far as it goes, is consistent, such ambiguity may be explained, and the defec-tive description made complete by extrinsic parol evidence, provided the necessary averments are contained in the com-

plaint on such contract; in other words, where the description, so far as it goes, is consistent, but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced into the body of the contract. *Colerick* v. *Hooper,* 3 Ind. 316; *Dingman* v. *Kelly,* 7 Ind. 717; *Torr* v. *Torr,* 20 Ind. 118; *Howell* v. *Zerbee,* 26 Ind. 214; *Guy* v. *Barnes,* 29 Ind. 103; *Nolte* v. *Libbert,* 34 Ind. 163. To the same effect are 2 Phill. Ev., 4 Am. ed., p. 682, *et seq.;* 1 Greenl. Ev., secs. 297, 298; *Miller* v. *Travers,* 8 Bing. 244; *Maggart* v. *Chester,* 4 Ind. 124; *Nichols* v. *Johnson,* 10 Conn. 192; *Waring* v. *Ayres,* 40 N. Y. 357.

But courts never permit parol evidence to be given, first to describe the land, and then to apply the description. *Ferguson* v. *Staver,* 33 Penn. St. 411, and authorities there cited. Nor do courts ever permit parol evidence to be given to contradict the written agreement, but only in aid of it. *Torr* v. *Torr, supra.*

It will be observed in the case at bar, that the contract describes the premises of Kerlins to be in the public square in Franklin, Indiana. The public square is a well defined portion of the city plat. The complaint which seeks to enforce this contract shows that the premises are not in the public square, nor even adjoining it. To permit this kind of evidence would be to contradict the written agreement, and to furnish a new and different description. It is proposed to prove that the Kerlins owned woollen mills on lots forty-two and forty-three, in the original plat of the city of Franklin; that the lots adjoined the north-west corner of the public square, separated, of course, by the street, and that the mills are on the west ends of these lots. Such proof would not aid the description given in the written agreement, but would contradict it. If the description had been " our woollen mills in the city of Franklin," it might have been shown that they owned but one woollen mill in such city, and might have shown where it was situated. This would have been consistent with the description, as far as it went, and would have

been in aid of it, and would not have contradicted the written agreement, nor would it have made a new and different description. *Colerick* v. *Hooper, supra; Waring* v. *Ayres,* 40 N. Y. 357.

But how are the six hundred and forty acres of land in Anderson county, Kansas, to be identified? There is no description of the land, nor is there any mode agreed upon by which the lands intended can be identified and described. It is not described as the land owned in the county named by Baldwin and Payne, nor as such lands as they, or some other person named, might select out of the lands owned by them; but simply six hundred and forty acres, without any description or mode of selection. In *Carpenter* v. *Lockhart,* 1 Ind. 434, the description of the land was very defective, but it was held sufficient, because there was in the instrument a mode agreed upon of selecting the lands intended. To permit parol proof to show what land was intended, or to permit Baldwin and Payne to select any lands they pleased, would be to make a new and different contract for the parties. Suppose that the Kerlins had performed the contract on their part, and had brought an action to compel specific performance on the part of Baldwin and Payne, what land would they have been required to convey, and how could it have been identified and described?

In *Howell* v. *Zerbee,* 26 Ind. 214, the property was described as "the mill and machinery located on the following real estate, to wit: situated in the county of Starke, and State of Indiana, a part of lot 3, section 36, in township 33, range 4 west, containing five acres;" and the court held the description defective. The court say: "It contains a patent ambiguity, in not defining the particular part of lot 3 intended, and there is nothing in the description by which the part intended can be ascertained and rendered certain. It is therefore void for uncertainty."

In the above case, it was certain that there was five acres of ground upon which the mill was erected, and that such

Vol. XLVI.—28

ground constituted a part of lot 3, sec. 36, township 33, range 4 west; and yet no parol evidence was permitted to show what particular piece of land was intended, although it may have been fenced in as a part of the mill property. If parol evidence was not admissible in the above case, because it would be supplying a description which had been omitted, why and upon what principle can the description in the present case be shown or aided by parol? So, in *Dingman* v. *Kelly*, 7 Ind. 717, there was nothing in the description which indicated the particular tract of land intended to be leased, and there was no attempt at description except to give the name of the county and State where the land was situated; the court would not permit the omission to be supplied by parol; and if not to supply an omission, will it be allowed to change one description, which is plain and unambiguous, to another that will fit the case?

We are of opinion that the contract set out in the first paragraph of the complaint is too vague and uncertain as to the description of the property proposed to be exchanged; and that such description cannot be aided, or the property identified, by parol evidence. The court committed no error in sustaining the demurrer to the first paragraph of the complaint.

We proceed to inquire whether the facts stated in the second paragraph of the complaint entitled the appellants to a reformation of the contract. The second paragraph alleges that on the 7th day of April, 1871, the plaintiffs were the owners of six hundred and forty acres of land in Anderson county, in the State of Kansas, which is described according to the congressional survey; that on said day the defendants Kerlins were the owners of a woollen mill, situated on certain described lots in the city of Franklin, Indiana; that on said day the parties agreed to exchange the said property upon the terms and conditions set out in the proposition and acceptance. The paragraph then alleges: " That one Joseph Garshwiler was, by said defendants, employed to reduce said

agreement to writing; that said Garshwiler did, on the day and year last above mentioned, draw up a contract, a copy of which is hereunto annexed, marked ' Exhibit A,' purporting and intended to be executed in conformity with, and to embody the verbal agreement aforesaid; whereas, by the mistake, inadvertence, or neglect of said scrivener, Garshwiler, and without any fault of plaintiffs, said written contract did not fully set forth the agreement of the said parties," etc. It is then averred that it was signed by the parties in good faith, they believing it expressed their verbal agreement.

In *Nevius* v. *Dunlap*, 33 N. Y. 676, this language is used: " To entitle a party to the decree of a court of equity, reforming a written instrument, he must show, first, a plain mistake, clearly made out by satisfactory proofs. * * In the second place, he must show that the material stipulation which he claims should be omitted or inserted in the instrument, was omitted or inserted contrary to the intention of both parties, and under a mutual mistake." To the same effect are the following authorities: Story Eq., secs. 152-157; *Waterman* v. *Dutton*, 6 Wis. 265; *Newton* v. *Holley*, 6 Wis. 592; *Lake* v. *Meacham*, 13 Wis. 355; *Fowler* v. *Adams*, 13 Wis. 458; *Harrison* v. *The Juneau Bank*, 17 Wis. 340; *Powell* v. *Smith*, Law Rep. 14 Eq. Cas. 85; *Nelson* v. *Davis*, 40 Ind. 366; *Allen* v. *Anderson*, 44 Ind. 395.

In *Nelson* v. *Davis*, *supra*, the court say: " But there is, if possible, a still more fatal defect in the answer. It is not alleged that anything was omitted in the deed that was directed to be inserted, or that anything was inserted, by mistake or otherwise, contrary to the direction of the parties."

In *Allen* v. *Anderson*, *supra*, the court say: " The mistake must be one of fact, and not of law. It must be shown that words were inserted that were intended to be left out, or that words were omitted which were intended to be inserted."

It is very obvious, from the foregoing authorities, that the

allegations of the second paragraph of the complaint, in reference to the mistake, are wholly insufficient, and fatally defective. It is averred, in a very general and indefinite way, that by the mistake, inadvertence, or neglect of the scrivener, and without any fault of the plaintiffs, such written contract did not fully set forth the agreement of the said parties. In what respect, or in what particular, did it fail to set forth the agreement of the parties? What words were omitted which it had been agreed should be inserted? or what words were inserted contrary to the intention of the parties? Did the omission relate to the description of the property proposed to be exchanged? and if it did, what description had been agreed upon? Or did it relate to some other stipulation of the agreement? and if so, to what stipulation? Was the mistake a mutual one? It is not sufficient that one of the parties should have been mistaken. *Nelson* v. *Davis, supra.* And if there was a mutual mistake, was it a mistake of fact or of law? From the peculiar and cautious averments of the complaint in reference to the mistake, we are strongly inclined to the opinion that the parties were more mistaken in reference to the legal effect of the agreement, than they were in reference to what was in the agreement. We cannot well see how they could have been mistaken in reference to what was in the agreement. It was very brief. It was obvious to the most casual observer that there was no description whatever of the land in Kansas, and no mode adopted of making a selection or ascertaining the description, and a very imperfect description of the property in the city of Franklin. We think the complaint wholly fails to show that there was any mistake of fact. The Kerlins made a written proposition, which was accepted by Baldwin and Payne. It is insisted with great earnestness and force, by counsel for appellees, that there cannot be any mutual mistake of fact, where the contract, as in the present case, is made up of a proposition on the one part, and an acceptance on the other; but we do not find it necessary to decide such question.

We have, after very careful and mature consideration,

reached the conclusion that the court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.

--------o--------

