### Fly *v.* Brooks.

MISTAKE.—*Conveyance by Quitclaim.—Reformation of Deed.—Partition.— Complaint.—Uncertainty.—Demurrer.*—A complaint alleged, that, on a certain day, about five years prior to the bringing of the action, the plaintiff was the owner of the undivided one-fifth part of certain lands ; that, at that time, the plaintiff and defendant both mistakenly supposed the plaintiff's interest in such land to be but the undivided three-twentieths ; that, on that day, the plaintiff sold to the defendant her supposed interest at a certain price per acre, which was paid and possession delivered accordingly ; and that the plaintiff quitclaimed to the defendant all her interest in the whole tract, intending to thereby convey, and the defendant intending thereby to receive a conveyance for, only such supposed interest. Prayer for a reformation of the deed, for partition, for an accounting, "and for all proper relief."

*Held,* on demurrer, that the complaint, though uncertain and vague, is sufficient to entitle the plaintiff to relief.

From the Rush Circuit Court.

*L. Sexton* and *C. Cambern,* for appellant.

*B. L. Smith,* for appellee.

PERKINS, J.—This was an action by the appellant, against the appellee, in the Rush Circuit Court, to reform a deed, and for partition of certain real estate.

The complaint is as follows :

"Susan C. Fly, plaintiff, complains of William N. Brooks, defendant, and says, that, on the 19th day of March, 1872, the plaintiff was the owner of the following described land in Rush county, Indiana, to wit : The undivided one-fifth of two hundred acres, commencing at the south-west corner of the north-east quarter of section one, township thirteen, range ten ; running thence north, on the west line of said quarter, twenty rods and four feet, to a stake two rods and fifteen feet south-westerly from a small buckeye tree ; thence east, to the east line of seventy acres held by Mosely Brooks off of the west side of said quarter ; thence south, to the south line of said quarter ; thence west, to the place of beginning ; also the south-west quarter of said section, township and range ; also the south

half of the south half of the west half of the south-east quarter of section thirty-six, township fourteen, range ten, containing twenty acres more or less ; by virtue of the will of her former husband, Thomas E. Brooks.

" That, on said 19th day of March, 1872, she sold and conveyed, by a deed of quitclaim, all her interest in said land, to the defendant, Brooks, for the sum of $75.00 per acre ; that, at the time of the execution of said deed, both the plaintiff and defendant believed, that, under the will of her said husband, she was only entitled to the undivided three-fourths of one-fifth (or thirty acres) of said land ; and, at the time, the plaintiff intended to sell, and the defendant believed he was buying, only the undivided three-fourths of one-fifth (or thirty acres) of said land, and, so believing, paid to the plaintiff the sum of $2,250, it being the price of said thirty acres of land at the contract price of $75.00 per acre. Plaintiff further avers, that, at the time of the execution of said deed, she was wholly ignorant that she had any greater interest than that intended to be conveyed, but that, in fact, she had a greater interest, and was the owner of the entire undivided one-fifth (or forty acres), as above stated, and that the deed above named purports to and does convey the entire forty acres, instead of thirty acres, as was believed by the parties at the time the deed was made. Plaintiff further says, said defendant has been in the possession of said ten acres since the —— day of March, 1872, and has received the rents and profits thereof, which were and are of the value of two hundred dollars.

" Therefore plaintiff asks that said deed may be reformed so as to convey and release only the plaintiff's right and title to thirty acres of said land, and that her title to the remaining ten acres be forever quieted, that the same be set apart to her, and that an accounting may be had for the rents and profits, for which she demands judgment, and for all proper relief."

A demurrer for want of facts was sustained to this complaint. The plaintiff, declining to amend, her complaint was dismissed. Proper exceptions were entered.

It is assigned for error in this court that the circuit court erred in sustaining the demurrer to the complaint.

The case made by the complaint is this, viz.: That on the 19th day of March, 1872, the plaintiff owned the undivided one-fifth of a tract of land containing two hundred acres, making her portion thereof forty acres, and on that day made a deed to said one-fifth to William N. Brooks, the defendant, and put him in possession of the same, which he has ever since, and still does retain and enjoy; that she intended to sell all the land she had in said tract, and the purchaser intended to buy all the land she had therein; that she did convey to him, by her deed, all of said land; that she did not sell the same in gross but by the acre, and at seventy-five dollars per acre; that, in estimating the number of acres, with the view to payment of the purchase-money, the parties made a mistake as to the quantity of land the plaintiff owned in said tract, the parties putting it at thirty acres, when it was in fact forty, just the quantity the plaintiff had conveyed by her deed, and just the quantity the purchaser took possession of and holds under it; that, in consequence of said mistake, the purchaser paid but twenty-two hundred and fifty dollars, leaving seven hundred and fifty dollars of the purchase-money still unpaid.

No explanation is made as to how the alleged mistake in the deed occurred, or when it was discovered. In fact, there was no mistake in the deed.

On the 6th day of June, 1877, between five and six years after the sale, and, so far as appears, without even asking for payment of the balance due on the purchase-money, the plaintiff commenced this suit to recover back a part of the land she owned and conveyed to Brooks, and of which he

had been in undisturbed possession, with her knowledge and consent, for between five and six years, and when, for aught that appears, she might at any time have recovered the purchase-money due for the land.

The complaint, as one to reform the deed, was subject to a motion to be made more certain; according to the following cases, perhaps to demurrer. *Baldwin* v. *Kerlin,* 46 Ind. 426; *Nelson* v. *Davis,* 40 Ind. 366; *Oiler* v. *Gard,* 23 Ind. 212; *Cox* v. *The Ætna Ins. Co.,* 29 Ind. 586; *Allen* v. *Anderson,* 44 Ind. 395; *The First National Bank of Centreville* v. *Gough,* 61 Ind. 147.

But the complaint shows that the plaintiff may have a right to recover the balance of the purchase-money, thus enforcing the contract made; and, if so, she is entitled to recover it in this suit. 2 R. S. 1876, p. 188, sec. 380.

To give the opportunity to settle this question, we reverse this case. See *King* v. *Brown,* 54 Ind. 368.

The judgment is reversed, with costs, and the cause is remanded for further proceedings in accordance with this opinion.