May Term,
1850.
—————
PENDLETON
v.
VANAUSDAL.

PENDLETON and Another *v.* VANAUSDAL and Others.—In Error.

ASSUMPSIT upon a note. Judgment for the plaintiffs.

On the calling of the cause, Mr. *Pratt*, an attorney of the Court, appeared as *amicus curiæ*, and moved the Court to set aside the return of the sheriff to the summons in the case, so far as *Pendleton* was concerned, which was, that he had served the writ on *Pendleton* by leaving a copy at his last place of residence; and, in support of his motion, proved that *Pendleton* had not been in the county for the prior six months to said service; that he left for the south in the capacity of a peddler, taking a wagonload of goods with him; that letters had been received from him dated and post-marked in *North Carolina*, but that his family still remained on the property of said *Pendleton*, living as a family, and had never changed their residence; that *Pendleton* had been a resident of *Miami* county for six or seven years, and it was not known that he had or intended to change his residence; but the Court overruled said motion to set aside said service, &c. There was final judgment against *Pendleton*, by default, on this service. The question is, was the service sufficient? Section 23, p. 674 of the R. S., is as follows: "when any summons, as in this article provided, is issued, it shall be served either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence."

By our law, an attachment could not issue against the property of *Pendleton* for this debt till after the expiration of a year from the time of his leaving home. Section 2, p. 763, R. S. Unless this suit, therefore, can be maintained, the creditor has no remedy. Such should not be the case. It seems to us the service in question was good. The judgment is affirmed with one *per cent.* damages and costs.

*D. D. Pratt*, for the plaintiff.