### BARAGREE *v.* CRONKHITE and Others.

INJUNCTION.—*Justice of the Peace.—Appeal.*—An injunction will not lie to restrain proceedings on a judgment rendered by a justice of the peace, where

the party seeking the injunction has had an opportunity to take an appeal from the judgment, and full relief could have been obtained on such appeal; or where, by an application to the circuit court or court of common pleas, an appeal may be authorized after the lapse of the time limited therefor, under section 68, 2 G. & H. 597.

SAME.—*Attachment.*—An injunction will not lie in favor of the defendant in attachment to restrain proceedings on a judgment rendered against him therein, where a part of the indebtedness for which the judgment was rendered is admitted to be due, and no offer is made to pay such portion.

APPEAL from the Warren Common Pleas.

This was a suit by the appellant against the appellees for an injunction.

The complaint was in two paragraphs, the first of which alleged, that on the 6th of March, 1867, the plaintiff left his residence in said Warren county and went to Lafayette and Fort Wayne, Indiana, for an indefinite period of time; that he returned home on the 21st of the same month; that during his said absence the defendant Cronkhite, on the 11th of March, commenced an action against the appellant, before the appellee Tharp, a justice of the peace of said county, and on the same day said justice issued a summons in favor of said Cronkhite and against the appellant, which was made returnable on the 15th of March, 1867; that said summons was delivered to the appellee Shanks, a special constable appointed by said justice, to be served; that at the time said constable received said summons, and at the time he pretended to serve it upon the appellant, it was well known to said Cronkhite, and said justice, and said constable, that the appellant was absent from home for an indefinite period of time; and that fact was well known to them also at the time judgment was rendered by said justice against the appellant and in favor of said Cronkhite, on the 15th of March, 1867; that there was no other service or pretended service of notice to the appellant of the pendency of said action than a copy of said summons left at the house of the appellant by said constable, during the said absence of appellant from home for an indefinite period, which was also

well known to said justice and said Cronkhite at the time said justice rendered said judgment; that on the 13th of March, 1867, Cronkhite, upon affidavit and bond filed with said justice, procured him to issue a writ of attachment against the property of the appellant, which writ was placed in the hands of said constable for service, upon which said constable attached all the property of the appellant, amounting to about five hundred dollars, which was by said justice ordered to be sold; that the appellees Robert Hamilton, William L. Hamilton, and Hanmon, filed claims and affidavits and bonds in attachment against the appellant under said proceeding instituted by Cronkhite, and, upon the same kind of service as that had in favor of Cronkhite, all of said plaintiffs, having full knowledge at the time of service that appellant was absent from home for an indefinite period of time, caused and procured said justice to render judgment in their favor against the appellant; and said justice and said plaintiffs, with full knowledge of all the facts aforesaid, rendered, and caused to be rendered, a judgment and order for the sale of the appellant's property attached; which order was placed in the hands of said constable for service; that said constable had caused said property to be advertised for sale on the 1st of April, 1867, and the appellees were threatening to sell the same at that date; that the appellant had no knowledge of said proceedings, until his return on the 21st of March, and made no appearance to said action, nor did any one appear thereto on his behalf; that said proceedings were unlawful, oppressive, and of great damage to appellant; wherefore, &c.

The second paragraph is like the first, with the additional averments, that the plaintiffs in said attachment proceeding combined and confederated together to sue him in his absence from home, and without his knowledge take judgments against him upon claims, some due and some not due, and attach his property and sacrifice it; in pursuance of which purpose, the acts, set forth as in the first paragraph, were done, with the full knowledge on the part of

City of Columbus and Others *v.* Storey and Others.

the justice, constable, and plaintiffs that appellant was absent from home for an indefinite period.

The court sustained a demurrer to each paragraph of the complaint, for want of sufficient facts, and this is assigned as error.

RAY, J.—According to the dates given, an appeal could have been taken from the judgment rendered by the justice, and full relief obtained on such appeal. But if this were otherwise, section 68, p. 597, 2 G. & H., affords the proper remedy, that is, by an application to the circuit court or court of common pleas, where an appeal may be authorized after the statutory limit for taking the same has been passed without the fault of the party asking the relief. But in the case before us no right to the interposition of a court of equity is shown, as a part, at least, of the indebtedness is admitted to be due, and no offer is made to pay such portion.

Judgment affirmed, with costs.

*J. H. Brown* and *G. D. Wagoner*, for appellant.

*L. T. Miller* and *J. Park*, for appellee.