Heavenridge *v.* Mondy.

*C. H. Burchenal,* for appellant.

*J. B. & J. F. Julian,* for appellees.

———————o———————

HEAVENRIDGE *v.* MONDY.

PRACTICE.—*Demurrer.*—A demurrer to an entire pleading should be overruled if such pleading contain any good paragraph.

PARTIES.—*Trustee of Express Trust.*—Suit by A. on a promissory note made payable to A. (for B.) or order.

*Held,* that A. was the trustee of an express trust within the statutory definition, and the action was properly brought in his name.

SUPREME COURT.—*Rehearing.*—It is the settled practice of the Supreme Court not to consider on a petition for a rehearing a question not presented and considered on the original hearing of the cause.

DEMURRER.—*Contract Made on Sunday.*—In a suit on a promissory note which appears on its face to have been executed on Sunday, no question as to its invalidity by reason of its execution on that day can be raised by demurrer to the complaint.

APPEAL from the Hendricks Circuit Court.

BUSKIRK, J.—This was a suit by the appellee against the appellant upon a note in these words:

"$220.00. STILESVILLE, Sept. 1st, 1867.

"Six months after date, I promise to pay A. Mondy (for

Wm. Mondy) or order, two hundred and twenty dollars, with interest at ten per centum per annum. Value received, without any relief whatever from valuation or appraisement laws.

A. HEAVENRIDGE."

The complaint contained two paragraphs. The first was in the ordinary form upon the above note. The second alleged that on the 1st day of Sept., 1867, one William Mondy being then and there indebted to the plaintiff in the sum of two hundred and twenty dollars, the said defendant, Allen Heavenridge, having then and there large business transactions with the said William Mondy, did, at the date last aforesaid, by agreement of said plaintiff, said defendant, and said William Mondy, undertake and agree to and with the said plaintiff to pay him, said plaintiff, the said sum of two hundred and twenty dollars, the debt so owing as aforesaid by the said William Mondy to the said plaintiff; whereupon said contract and promise were reduced to writing; and the note above described is then set out; that the note with the interest remain due and wholly unpaid; and that upon the execution of the said note, the plaintiff released the debt owing to him by the said William Mondy.

The appellant demurred to the complaint, and assigned for causes, that the complaint did not state facts sufficient to constitute a cause of action, and that there was a defect of parties plaintiffs, in this, that the note and facts stated showed that William Mondy was the real party in interest, and that the action should have been prosecuted in his name, and not in the name of Alfred Mondy, the plaintiff.

The court sustained the demurrer to the first, and overruled it to the second paragraph of the complaint, and proper exceptions were taken.

The first error assigned consists in overruling the demurrer to the second paragraph of the complaint. The complaint was in two paragraphs. The demurrer was to the complaint generally, and not separately to each paragraph. The rule is well settled, that where the pleading is in several paragraphs, and the demurrer is to the pleading generally, the

demurrer should be overruled if there is one good para-
graph. If either of the paragraphs of the complaint con-
tained a good cause of action, the demurrer was properly
overruled. The ruling of the court upon the demurrer pre-
sents for our consideration and decision the question of
whether the action was properly brought in the name of Al-
fred Mondy, to whom the note was payable. It is earnestly
maintained in the brief of the appellant that, as the note upon
its face declares that it was payable to Alfred Mondy (for
Wm. Mondy), William Mondy was the real party in inter-
est, and that under our code of practice the action should
have been prosecuted in the name of William Mondy. The
third and fourth sections of article two of our code read as
follows :

"Sec. 3. Every action must be prosecuted in the name of
the real party in interest, except as otherwise provided in the
next section; but this section shall not be deemed to author-
ize the assignment of a thing in action not arising out of
contract."

"Sec. 4. An executor, administrator, a trustee of an ex-
press trust, or a person expressly authorized by statute, may
sue, without joining with him the person for whose benefit
the action is prosecuted. *A trustee of an express trust, with-
in the meaning of this section, shall be construed to include a
person with whom, or in whose name, a contract is made for the
benefit of another.* It shall not be necessary to make an idiot
or lunatic a joint party with his guardian or committee, ex-
cept as may be required by statute." 2 G. & H. 34, 35, 36,
and 37.

The above sections of our code were copied from the New
York code, except the definition of "a trustee of an express
trust." This was left to construction. In the case of *Grinnell*
v. *Schmidt,* 2 Sandf. 706, Mason, J., after quoting the above
sections down to the definition of "a trustee of an express
trust," says: "It has been generally supposed that the words
'express trust,' in this section, refer to trusts of land author-
ized by the revised statutes, and which are in the statutes

themselves termed 'express trusts,' and to them alone. It is not necessary, however, to give to the words this restricted meaning. They are capable of a more extensive significa- tion, so as to include all contracts in which one person acts in trust for or in behalf of another."

The meaning of the words "a trustee of an express trust," as used in section four above quoted, was not left to the interpretation and construction of the courts, but their sig- nification and construction were so plainly and clearly de- fined by the legislature as to leave no room for doubt or construction. Any person is "a trustee of an express trust" with whom, or in whose name, a contract is made for the benefit of another. The word "contract" is not used in a limited or restricted sense, but it is used and intended to be applied to all and any kind of contracts. As the note sued upon was made for the use of William Mondy, this ac- tion might have been prosecuted in his name under the third section of article two of our code; but as it is payable to Alfred Mondy, for the use and benefit of William Mondy, it thereby makes Alfred Mondy the "trustee of an express trust," and the suit is properly prosecuted in his name under the fourth section above quoted. The attorney for the ap- pellant has filed two briefs, in which he has displayed great research, ingenuity, and ability in the discussion of this and other questions in the cause. It is claimed by the appellant that this court, in the case of *Swift* v. *Ellsworth*, 10 Ind. 205, has given such a definition of the words, "a trustee of an express trust," as to demonstrate that Alfred Mondy is not and cannot be "a trustee of an express trust" under and by virtue of the instrument sued on. We have examined that case with care. It was an action brought by Ellsworth on a prom- issory note, which had been assigned to him. The defend- ant, Swift, among other things, pleaded that Ellsworth was not the real owner of the note, and consequently was not the real party in interest, and had no right to prosecute the ac- tion in his own name. The facts were fully set out in this paragraph of the answer. Ellsworth demurred to this para-

graph of the answer, and the demurrer was sustained.   Ells-
worth maintained, in this court, that the assignee of a prom-
issory note, who might hold it as such, without any real in-
terest in it, was one of that class of persons referred to in
the fourth section above quoted, as being "expressly author-
ized by statute to sue."  This court, in deciding that point, say:
"We are of opinion that the clause of this section above
quoted does not have reference to the rights of the assignee
of a promissory note, but to such persons as may be author-
ized to sue in their own names, because of *holding some* of-
ficial place, as the president of a bank under the general law,
or as the trustee of a civil township."   The fourth section
above quoted embraces four classes of persons: first, an
executor; second, an administrator; third, a trustee of an ex-
press trust; fourth, a person expressly authorized by statute.
In the case referred to, the construction was placed on the
fourth clause of said section and not on the third.   This case
does not conflict with the construction that we have placed
upon the third clause of the *section* under consideration.

We have also been referred to the case of *Rawlings* v. *Ful-
ler*, 31 Ind. 255.   This was an action brought by Fuller
against Rawlings.   The complaint was in two paragraphs.
The first was for the recovery of the possession of real estate
and damages for the use and profits thereof.   The second
was for the rent of the said real estate.   The right of the
plaintiff to prosecute the action in his own name was raised
by demurrer and answer.   The contract referred to and made
a part of the complaint showed that it was made with Fuller
as the agent of the heirs of Sarah Floyd, who were the
owners of the real estate.   There was no promise to pay the
rents to Fuller.   He had no interest in the real estate or in
the rents.   He was not the trustee of the owners, but was
simply the agent of such owners, having no beneficial inter-
est in the action.   This court say:

"We do not think the facts stated constitute Fuller the
trustee of an express trust, within the meaning of the fourth
section of the code; they only show, at most, that he was

the agent of the owners, with authority to rent the property for them. They are the only parties in interest, and the action should have been prosecuted in their names. It does not appear, either by the agreement or the complaint, that Fuller had any personal interest whatever in the contract. One who contracts merely as the agent of another, and has no personal interest in the contract, is not the trustee of an express trust within the meaning of the statute, and cannot, under the code, sue on such contract in his own name."

This case sustains the view we have taken, and it is strongly supported by the case of *Minturn* v. *Main*, 3 Seld. 220.

We have also been referred to the case of *McBroom* v. *The Corporation of Lebanon*, 31 Ind. 265. That case is not in point. The only point decided in that case was this: Mc-Broom had contracted with "the corporation of Lebanon," and when he was sued he insisted that the plaintiff was not the real party in interest. This court held, that having contracted with "the corporation of Lebanon," he was estopped from denying the existence of such corporation at the time the contract was made and its right to prosecute the action. The case of *Minturn* v. *Main, supra,* strongly tends to show that the appellant in this case is estopped from denying the right of the appellee to prosecute this action, but it is not necessary for us to decide this point. We are of the opinion that the instrument sued on constituted the appellee "a trustee of an express trust," and that the action was properly prosecuted in his name. The court below should have overruled the demurrer to both paragraphs of the complaint. The matters set up in the second paragraph of the complaint, attempting to explain, vary, and contradict the written instrument, were unnecessary and improper, and should have been stricken out by the court of its own motion. *Hays* v. *Hynds*, 28 Ind. 531. They may be regarded as mere surplusage, and as there were facts enough stated in the second paragraph, aside from these matters, the court committed no error in overruling the demurrer.

VOL. XXXIV.—3

The appellant filed an answer in six paragraphs. The first was, that the note was executed without any consideration whatever. The second was, that the execution of the note had been obtained by fraud, covin and misrepresentation. The third was, that the plaintiff was not the real party in interest. The fourth was a set-off. The fifth was a failure of consideration. The sixth was the same as the third, except the facts were more fully and accurately stated. The facts to support these paragraphs of the answer were properly set out. The appellee replied by the general denial, and three affirmative paragraphs. There was a demurrer filed by the appellant to the second, third and fourth paragraphs of the reply. The demurrer was sustained as to the fourth, and overruled as to the second and third, and proper exceptions were taken. But no question is made in this court upon the ruling of the court on the demurrer to the reply, and we do not deem it necessary to determine whether the ruling was right or wrong. The cause was tried by a jury, who found a general verdict in favor of the appellee for the principal and interest of the note, and under the direction of the court, found the facts specially, in answer to certain interrogatories submitted to them by the court at the request of the appellant.

The appellant moved the court for a judgment in his favor on the special findings, notwithstanding the general verdict, for a new trial, in arrest of judgment, and for a *venire de novo;* all of which motions were overruled, and exceptions were taken. The evidence is not in the record. We have examined with care the special findings, and are of the opinion that, taken altogether, they sustain and support the general verdict. The motion for judgment on them was properly overruled. The evidence not being in the record, we cannot say that the court erred in overruling the motion for a new trial. The conclusion to which we have arrived as to the right of the plaintiff below to prosecute this action in his own name, necessarily sustains the action of the court below in overruling the motions in arrest and for a *venire de novo.*

The judgment is affirmed, with costs.

Heavenridge v. Mondy.

ON PETITION FOR A REHEARING.

BUSKIRK, J.—The appellant has filed an earnest and able petition for a rehearing. The rehearing is asked on two grounds. First, that the court erred as to the law of the case as expressed in the opinion heretofore delivered. Second, that since the rendition of the decision in this case, it has been ascertained that the note sued on was executed on Sunday.

We have had no difficulty or hesitation in overruling the petition on the first ground. We are entirely satisfied with the opinion heretofore delivered. We have, in several cases, since the rendition of said judgment, referred to and approved the principles contained in the original opinion in this case, and entertain no doubt that the law is correctly stated.

The second point relied upon is for the first time presented for our consideration. It has been the long and well-settled practice of this court, not to consider on a petition for rehearing a question that was not presented and considered on the original hearing of the case; but, aside from this question of practice, a majority of the court are of the opinion that the question sought to be raised does not arise upon the demurrer to the complaint. The point insisted upon is, that the note having been executed on the first day of the week, commonly called Sunday, it is absolutely void. By the common law, a contract made on Sunday was valid, and such a contract only becomes invalid under and by force of our statute, which makes it unlawful for persons to perform common labor, or pursue their usual avocations, on Sunday. But there is an exception in this statute in favor of "such as conscientiously observe the seventh day of the week." The exception being in the body of the statute, it is necessary that it should be shown by proper averments that the act complained of does not come within the exception. This cannot be done by demurrer, but must be done by answer. Our statute only affects such persons as do not conscientiously observe the seventh day of the week, and, consequently, a contract made on the first day of the week by

persons who conscientiously observe the seventh day of the week is valid, and can be enforced in our courts.

But there is another reason why the question cannot be properly raised by demurrer. Contracts that are prohibited by law because they are, in their nature, contrary to public policy, or repugnant to the good of society or public morals, are void, and in their very nature incapable of subsequent ratification. But contracts void only because made on Sunday, proper and lawful in all other respects, stand on a different basis, and form an exception to the general rule, that void contracts are incapable of subsequent ratification. *Love* v. *Wells*, 25 Ind. 503.

The contract sued upon, although void under our statute, was capable of subsequent ratification. The question should have been raised by answer, so as to have given to the plaintiff the opportunity of replying a subsequent ratification. The note was executed on the first day of September, 1867, which was on the first day of the week. The ground of demurrer was, that the complaint did not contain facts sufficient to constitute a cause of action. A majority of the court, for the reasons above stated, are of the opinion that the petition for a rehearing should be overruled.

PETTIT, C. J., is satisfied with the correctness of the original opinion, but is of the opinion that the question as to the validity of the contract was properly raised by the demurrer, and is, for that reason, in favor of granting a rehearing.

*W. A. McKenzie*, for appellant.

*L. M. Campbell*, for appellee.