## BROOKS *v.* HARRIS.

| 42 | 177 |
| 149 | 557 |

JUSTICE OF THE PEACE.—*Appeal.*— *Application for.* — On an application made under sec. 68. p. 597, 2 G. & H., for an order to authorize an appeal from a judgment of a justice of the peace, it may be said that a party has been prevented from taking an appeal by circumstances not under his control, when it clearly appears that he did not know within the time allowed for taking the appeal that the suit had been brought or judgment rendered.

SAME.—*Set-Off Pending Appeal to Supreme Court.*—Where a judgment has been rendered before a justice of the peace, and the defendant has applied for an order to allow an appeal, which order has been refused, from which refusal an appeal has been taken to the Supreme Court; while the appeal is pending, an order made in the court below, setting off the judgment from which an appeal is sought against a like amount due on a judgment in favor of the defendant in the former judgment and against the plaintiff in said judgment, will have no effect on the appeal.

SUPREME COURT.—*Petition for Rehearing.*— It is too late to present a question in the Supreme Court for the first time on a petition for a rehearing.

Vol. XLII.—12

APPEAL from the Marion Common Pleas.

WORDEN, J.—The record in this case shows that on the 18th of March, 1871, the appellee, Harris, recovered a judgment against the appellant, Brooks, for the sum of eighty-one dollars and eighty cents, with costs, before a justice of the peace of said county; that on the 9th of May, 1871, Brooks applied to the court of common pleas on affidavit for an order for an appeal in said cause to the court of common pleas; but on the 18th of May, 1871, the, application was overruled and dismissed; that on the 1st of June, 1871, Brooks prayed an appeal to this court, which was granted, and on the 9th of the same month he filed his appeal bond as required, and on the 5th of August he filed the transcript in this court, with errors assigned thereon.

To the errors assigned the appellee pleaded that the appellant ought not further to prosecute his appeal in the action, because the judgment of the justice which he is asking to be allowed to appeal from was, on the 9th of September, 1871, fully satisfied, by having set off against the same a judgment of like amount in favor of the appellee against the appellant, by order of the Marion Court of Common Pleas, as shown by a transcript of the record of the proceedings of the court in that behalf; that no steps have been taken to appeal from the order of the court setting off the judgments against each other. It appears by the transcript of the record referred to, that on the 9th day of September, 1871, in an action instituted for that purpose, in which Harris was plaintiff and Brooks defendant, the court made an order or judgment setting off the judgment sought to be appealed from, against a like amount due on a judgment which the State, on the relation of Brooks, had recovered against Harris and his sureties on an official bond as constable, on the 13th of January, 1871, in said court of common pleas.

It will be seen that at the time the set-off was ordered, the appeal to this court had been perfected, and the cause was regularly pending here. Without deciding what might

have been the effect of the order making the set-off, had it been made before the appeal had been taken to this court, we are of opinion that the order made while the appeal was pending can have no effect upon the appeal whatever. Hence, the demurrer which was filed to the answer must be sustained. The demurrer to the answer is sustained, at the costs of the appellee.

Downey, J.—This was an application by the appellant to the common pleas, made on the 9th day of May, 1871, for an order authorizing him to appeal from the judgment of a justice of the peace rendered against him in favor of the appellee, under section 68, p. 597, 2 G. & H. The judgment was rendered on the 18th day of March, 1871, by default, on a return of service by leaving a copy of the writ at the last usual place of residence of the appellant.

The appellant states in his affidavit on which the motion was based, that he had no knowledge of the rendition of the judgment whatever until the 29th day of April, 1871, being after the expiration of thirty days from the rendition of said judgment; that he had no notice of the commencement of said suit; that he never saw any copy of the summons, if any was left at his residence, nor did any of his family see the same, as he is informed and believes, nor was he ever informed, prior to the said 29th day of April, 1871, by any person whatever, that a summons had been left for him; that he believes the appellee concealed from him the rendition of said judgment until after said thirty days from the rendition of the same, to prevent him from appealing. He also states that he has a meritorious defence to said action, and sets out the nature thereof.

The court overruled his motion, and he excepted to the ruling of the court, appealed, and has assigned such ruling as error in this court.

The statute provides, that "appeals may be authorized by the court of common pleas or circuit court, after the expiration of thirty days, when the party seeking the appeal has

been prevented from taking the same by circumstances not under his control." It was too late for the appellant to move to set aside the default, when he got notice that he had been sued and that a judgment had been rendered against him. 2 G. & H. 593, sec. 62. If he had any remedy, it was that which he has chosen. He can not appeal without executing a bond with security to secure the payment of the judgment against him on appeal.

The statute authorizes service of the summons by leaving a copy thereof at the last usual place of residence of the defendant, except when the defendant has left his usual place of residence for an uncertain period, or a period certain but extending beyond the return day of the summons, and the constable is apprised thereof, in which case he can not serve by copy. 2 G. & H. 582–3, secs. 22, 23.

When service has been made as required by the statute, it is legal service whether the defendant acquires actual knowledge of the fact of such service before the return day or not. *Pendleton* v. *Vanausdal*, 2 Ind. 54. We can see, however, that great hardship might result if it should be held that the defendant could not appeal from the judgment rendered against him under the circumstances disclosed in the affidavit in this case. We think it may be said that the party has been prevented from taking the appeal by circumstances not under his control, where it clearly appears that he did not know that the suit had been brought, or the judgment rendered, within the time allowed for taking the appeal. It seems to us that the court should have authorized the appeal. *Baragree* v. *Cronkhite*, 33 Ind. 192.

The judgment is reversed, with costs, and the cause remanded.

### ON PETITION FOR A REHEARING.

Downey, J.—A petition for a rehearing is filed in this case by the appellee, based on grounds not assumed in the first hearing of the cause. In *Yater* v. *Mullen*, 24 Ind. 277, this court said, Frazer, J., delivering the opinion of the

court: "It is, by the well settled practice of this court, too late to present a question for the first time on a petition for rehearing, and in consenting to consider that question, in the present instance, we do not mean to make an innovation which shall be regarded as a precedent in future cases." The rule has been recognized in other cases, one of which is *Heavenridge* v. *Mondy*, 34 Ind. 28. The rule is convenient, if not necessary to the proper despatch of business. We think it should be applied in this case.

*J. M. Johnston*, for appellant.

*C. H. Test, D. V. Burns*, and *G. S. Wright*, for appellee.