———————o———————

### WASHINGTON TOWNSHIP v. BONNEY ET AL.

PRACTICE.—*Joint Demurrer.*—A demurrer stating that the plaintiffs "demur to the second, third, and fourth paragraphs" of answer, for the reason that "said paragraphs nor either of them state facts sufficient," etc., is a joint demurrer; and if any one of the paragraphs is good, the demurrer must be overruled as to all.

PLEADING.—*Complaint.*—A complaint on a written agreement, made by a town-ship trustee, to pay for certain writing tablets, to be "payable when the funds come in," must show that funds sufficient to pay the demand had come into the treasury before the bringing of the suit, and that such funds were by law applicable to the payment of the claim sued on.

SAME.—An allegation in such complaint, that funds have come in and have been used by the township, which funds were by law directed to be used for the purpose of paying for materials of like character, is insufficient.

From the Rush Circuit Court.

*L. Sexton, B. L. Smith,* and *F. J. Hall,* for appellant.

*W. Cassady, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellees.

DOWNEY, C. J.—The appellees sued the appellant upon the following writing: "Washington Township, Rush Co., Ind., March 20th, 1865. This certifies that there is due Messrs. Bonney & Berry, agents for educational interests in Indiana, from the treasury of Washington township, Rush

county, Ind., the sum of seventy-two dollars, for nine sets of Payson, Denton, and Scribner's series of writing tablets, to be delivered at the examiner's office, payable when the funds come in with interest.          JOHN M. TEGO,

"Township Trustee."

It is alleged in the complaint that before the commencement of this suit, in a reasonable time, to wit, thirty-five days after date of said agreement, at the place agreed upon, the plaintiffs delivered the said nine sets of writing tablets at the office of the said county examiner for the order and use of the defendant, and said defendant was then immediately notified of said delivery, and funds have come in and been used by her since the delivery of said tablets, which funds so received were by law directed to be used for the purpose of paying for materials of this character, yet the defendant has not paid the same, but refuses so to do, although often demanded; wherefore, etc.

The defendant demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant excepted.

The defendant then pleaded in defence of the action:

1. A general denial.

2. Want of consideration.

3. Fraud in obtaining the contract, setting out the particulars.

4. The same in substance as the third.

The plaintiffs demurred to the second, third, and fourth paragraphs of the answer in this form:

"Come now the plaintiffs in the above entitled cause by their attorneys, and demur to the second, third, and fourth paragraphs of defendant's answer, for the following grounds of objection: 1. Said paragraphs of said answer, nor either of them, state facts sufficient to constitute a cause of defence to said plaintiffs' complaint."

The court overruled the demurrer as to the second paragraph, but sustained it as to the third and fourth.

The plaintiff then replied to the second paragraph of the answer; the issues were tried by a jury; there was a verdict for the plaintiffs, a motion for a new trial overruled, and final judgment rendered on the verdict in favor of the plaintiffs.

Among the errors assigned, it is alleged that the court erred in overruling the demurrer to the complaint, and in sustaining the demurrer to the third and fourth paragraphs of the answer.

We will assume that the township trustee had authority, under the circumstances, to make the contract. We do not wish to decide that he had, without a fuller argument than has been furnished us in this case. The contract stipulated that the amount agreed upon should be paid "when the funds come in." This means, we think, when sufficient funds come into the township treasury, which are applicable to the payment of this claim. The complaint alleges that "funds have come in and been used by her, the township, since the delivery of said tablets, which funds so received were by law directed to be used for the purpose of paying for materials of this character," etc. This does not show that funds sufficient to pay the demand had come into the treasury before the bringing of this action, nor does it show that the funds which are alleged to have come in were by law applicable to the payment of the claim in question. It is alleged that the funds "were used for the purpose of paying for materials of this character." We think the complaint does not sufficiently show that the contingency had happened upon the happening of which the claim was to be paid.

The demurrer to the three paragraphs of the answer was a joint demurrer. It states that "the plaintiffs demur to the second, third, and fourth paragraphs of defendant's answer," etc., and, in assigning causes, states that the paragraphs, nor either of them, constitute a cause of defence, etc. It has been held that where a party demurs to each of the paragraphs of a pleading, the demurrer may be taken distributively, and is equivalent to a separate demurrer to each paragraph. *Parker* v. *Thomas,* 19 Ind. 213; *Fankboner* v.

*Fankboner,* 20 Ind. 62. We are unwilling to extend this labor-saving practice any further.

The second paragraph of the answer was an answer of no consideration, was a good defence to the action, and was so held by the circuit court. It is a rule of pleading, that where the demurrer is to several paragraphs of a pleading jointly, and any one of such paragraphs is good, the demurrer must be overruled as to all of them. *Jewett* v. *The Honey Creek Draining Co.,* 39 Ind. 245 ; *The Jeffersonville, Madison, and Indianapolis Railroad Co.* v. *Cox,* 37 Ind. 325 ; *Heavenridge* v. *Mondy,* 34 Ind. 28. Many other cases might be cited.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.