HEAVENRIDGE *v.* MONDY ET AL.

PROMISSORY NOTE.—*Trustee of an Express Trust.*—*Estoppel.*—Where the payee of a promissory note brought suit upon it in his own name, and the note on its face showed that it was for the use and benefit of another, and it was objected that the plaintiff was not the real party in interest, and he failed to amend his complaint by showing that he was the real owner of the note, and on appeal to the Supreme Court it was held that he was the trustee of an express trust, and in that capacity had a right to maintain the action, he could not afterward, in a proceeding to set off, against the judgment on the note, a judgment held by the maker of the note against the person for whose use and benefit the note was given to said payee, be allowed to plead that the note was really his own and free from any trust.

SAME.—*Reformation of Note After Judgment.*—After judgment upon a promissory note, it cannot be reformed.

WRITTEN INSTRUMENT.—*Reformation of.*—To entitle a party to the reformation of a written instrument, it must be clearly and satisfactorily shown that there was a mistake of fact, and not of law. It must be shown that words were inserted which were intended to be left out, or that words were omitted which were intended to be inserted.

SAME.—A mistake as to the legal effect of words inserted designedly in a written instrument gives no right to a reformation of such instrument.

SET-OFF.—*Judgment Against Judgment.*—A judgment in one court may be set off against a judgment in another court.

SAME.—Against a judgment obtained by the trustee of an express trust may be set off a judgment against the person for whom the trust is held.

From the Hendricks Circuit Court.

*W. A. McKenzie,* for appellant.

*L. M. Campbell,* for appellee.

BUSKIRK, J.—The voluminous character of the pleadings and the evidence renders it necessary that we should summarize the facts and condense the pleadings.

On the 21st day of April, 1869, Alfred Mondy recovered a judgment in the Hendricks Circuit Court against Allen Heavenridge, for the sum of two hundred and fifty-four dollars and seventy cents, upon a note, in the words and figures as follows:

"STILESVILLE, Sept. 1st, 1867.

"Six months after date, I promise to pay A. Mondy (for

Wm. Mondy) or order, two hundred and twenty dollars, with interest at ten per centum per annum. Value received, without any relief whatever from valuation or appraisement laws.

" A. HEAVENRIDGE."

Heavenridge appealed to this court, and asked for a reversal of the judgment, mainly upon the ground that William Mondy was the real party in interest, and that he alone could maintain an action on the note. After careful consideration, it was held, that "as the note sued upon was made for the use of William Mondy, this action might have been prosecuted in his name under the third section of article 2 of our code; but as it is payable to Alfred Mondy, for the use and benefit of William Mondy, it thereby makes Alfred Mondy the 'trustee of an express trust,' and the suit is properly prosecuted in his name under the fourth section above quoted." 34 Ind. 28.

The judgment was in all things affirmed, and after a re-examination of the question, a petition for a rehearing was overruled.

On the — day of October, 1871, Allen Heavenridge obtained, in the Hendricks Common Pleas, a judgment against William Mondy, in the sum of six hundred and eighty-five dollars and twenty cents.

After the judgment of affirmance in the case of *Heavenridge* v. *Mondy*, *supra*, was filed in the court below, Heavenridge proceeded by motion and notice to have his judgment against William Mondy, or so much thereof as might be necessary, set off against the above mentioned judgment in favor of Alfred Mondy against him.

William Mondy made default. Alfred Mondy appeared and filed an answer in three paragraphs and a cross complaint. A demurrer was sustained to the first and second and overruled to the third and cross complaint, to the overruling of which the appellant excepted, and has assigned such ruling for error here.

The plaintiff filed an answer to the cross complaint, consisting of six paragraphs, and a reply in denial of the third paragraph of the answer.

The first paragraph of the answer to the cross complaint

will be noticed hereafter.   The other paragraphs were, in substance, the same as the answers filed in the original action of Alfred Mondy against Heavenridge, and being wholly immaterial and irrelevant in this action, need not be further noticed.

Alfred Mondy filed a reply, in two paragraphs, to the answer to the cross complaint.   The first was in denial.   The second was to all the paragraphs of the answer except the first, and alleged, in substance, that all the matters and things therein averred and set forth had been fully tried and determined in the original action between Alfred Mondy and Heavenridge, as would fully appear by the record thereof, etc.

The cause was submitted to the court for trial, and resulted in a finding in favor of the appellees.   The court, over a motion for a new trial, rendered judgment on the finding, and this ruling is assigned for error here.

The substance of the third paragraph of the answer is, that Alfred Mondy, long before the rendition of said judgment of Heavenridge against William Mondy, and before the execution of the note on which it was rendered, and without any notice or knowledge of said note or judgment, or the existence of any debt of the said William Mondy to the said Heavenridge, had, as between himself and said William Mondy, executed his supposed trust, and had paid and advanced to said William Mondy all sums of money which might become or were due from him, as said supposed trustee, to the said William Mondy.

The cross complaint was against appellant and William Mondy, and alleged, in substance, that the said William Mondy had not then, nor had he had at any time since the execution of the note of the said Heavenridge to Alfred Mondy for two hundred and twenty dollars, any right or interest therein or in the debt or judgment of him the said Alfred against the said Heavenridge; but the said Alfred Mondy, on the contrary, averred and charged the truth to be, that by agreement between himself and the said William Mondy and the said Heavenridge, at the time of the execution of the note

for two hundred and twenty dollars, the said Heavenridge assumed and agreed to pay to him the said Alfred the said sum of money, being the amount then due from said William to said Alfred; that the said Alfred released the said William for said sum, and said William gave Heavenridge credit for said sum in their dealings; that at the special instance and request of the said Heavenridge, who desired to have time for the payment of the same, said Alfred Mondy agreed to take said note to himself, and to extend time for the accommodation of said Heavenridge; that said Heavenridge wrote said note, and inserted the words " for William Mondy," as he said, as a memorandum to show, when taken up, that he had settled that amount for said William, and not to constitute the said Alfred a trustee, or to show that William had any interest therein; that it was for said reason and by mistake of said parties as to the legal effect thereof that the name of William Mondy was embraced therein; and not knowing the legal effect of said note as written by the said Heavenridge, the said Alfred Mondy accepted the same in its present form and released the said William, and relied solely upon the collection of said sum from said Heavenridge; all of which was before the existence of the indebtedness of said William to said Heavenridge, which is asked to be set off. The prayer was, that the said William and Heavenridge be required to make full answer, and that the said note be reformed to correspond with the real transaction between said parties, and for general relief.

The third paragraph of the answer and the cross complaint are subject to the same objection, and on such point will be considered together.

It is to be noted that the application to set off the judgments was made in the circuit court, in the case of *Mondy* v. *Heavenridge*, after it had been remanded, and before the opinion of this court had been spread upon the record. The obvious purpose of the answer and cross complaint under examination was to show that the note, on which the judgment in favor of Mondy against Heavenridge was founded, belonged to Alfred

Mondy, and hence that he was the real party in interest. This could not be done in the face of the record in said cause. Alfred Mondy accepted of a note which, on its face, showed that he was the trustee of an express trust; in other words, that the note was payable to him for the use and benefit of William Mondy. He held the legal title, while the beneficial interest was in William. He instituted suit on such note in his own name, and when it was objected that he was not the real party in interest, he failed to amend his complaint by showing that he was in fact the real owner of the note, but took judgment in his own name. On appeal to this court, the judgment was affirmed, upon the ground that he was the trustee of an express trust, and that, in that capacity, he had the right to maintain the action. By that decision, it was settled that William Mondy was the real party in interest, and consequently was the beneficial owner of the note and judgment rendered thereon. That is the law of the case.

It was held by this court, in *Hawley* v. *Smith,* 45 Ind. 183, that when the Supreme Court has laid down a rule of law, it will adhere to it in a subsequent action between the same parties, where a different decision would leave one party without remedy, even though doubtful of the correctness of the rule when applied to other cases. We, however, entertain no doubt as to the correctness of our ruling in such case. It is fully supported by authority and on principle, and was unquestionably demanded by the express language of the statute, on which it was mainly grounded. The ruling in that case has been adhered to in several subsequent cases: *The North-Western Conference, etc.,* v. *Myers,* 36 Ind. 375; *Brooks* v. *Harris,* 42 Ind. 177; *Wiley* v. *Starbuck,* 44 Ind. 298; *Washington Township* v. *Bonney,* 45 Ind. 77.

The cross complaint was fatally defective upon another ground. It sought a reformation of the note, which was the foundation of the action. The application came too late. The note was merged in the judgment, and hence could not be reformed.

Besides, the averments of the cross complaint were wholly

insufficient to entitle the appellee to a reformation of the note, if it had not been merged in the judgment. It is settled law, that to entitle a party to the reformation of a written instrument, it must be clearly and satisfactorily shown that there was a mistake of fact, and not of law. It must be shown that words were inserted that were intended to be left out, or that words were omitted which were intended to be inserted. *Nelson* v. *Davis*, 40 Ind. 366 ; *Allen* v. *Anderson*, 44 Ind. 395 ; *Baldwin* v. *Kerlin*, 46 Ind. 426.

It is expressly averred in the cross complaint, that the said note was accepted " by mistake of said parties as to the legal effect of said note." A mistake as to the legal effect of words inserted designedly in a written instrument gives no right to a reformation of such instrument.

The court erred in overruling the demurrer to the third paragraph of the answer and the cross complaint.

We have passed upon the sufficiency of the answer and cross complaint as if pleadings were necessary, though it was decided in *Brooks* v. *Harris*, *supra*, that pleadings were not contemplated by the statute.

We next inquire whether the court erred in overruling the motion for a new trial.

The only point relied upon is, that upon the evidence the finding should have been for the appellant. The cause was submitted to the court upon the complete transcript of the record in the case of *Mondy* v. *Heavenridge*, including the opinion of this court affirming the judgment of the court below, and the judgment in favor of Heavenridge against William Mondy.

The appellees offered no evidence whatever in support of the third paragraph of the answer or the cross complaint. The case, therefore, stands solely upon the legal effect of the judgment in such case.

It was held, in *Hill* v. *Brinkley*, 10 Ind. 102, that a judgment in one court may be set off against a judgment in a different court.

In *Howk* v. *Meloy*, 26 Ind. 176, it was said that the ruling

in the above case was *obiter*. But in *Brooks* v. *Harris*, 41
Ind. 390, the case of *Hill* v. *Brinkley, supra,* was adhered to
and followed; and it was held that the fact that the judg-
ments were rendered in different courts does not take away
the right to have the set-off made. It was also held, that
under the general principles of our law on the subject of set-
off, there must be mutuality in the claims in order that they
be set off against each other.

In a suit by a trustee, who sues for the use or benefit of
another, a debt due the defendant by the trustee personally
cannot be set off. *Flournoy* v. *The City of Jeffersonville,* 17
Ind. 169. The reason is, that the trustee has no beneficial
interest in the cause of action. The reason for excluding the
set-off against the trustee would make it admissible when the
debt is due from the beneficiary, "the real party in inter-
est."

The right of set-off in such a case as the present is clearly
recognized in *Jones* v. *Hawkins,* 17 Ind. 550.

In *Waddle* v. *Harbeck,* 33 Ind. 231, it was held that in a
suit by a trustee, the defendant may set off a debt due him
from the *cestui que trust.*

In *Brooks* v. *Harris,* 41 Ind. 390, it was held that there
must be mutuality in the claims, in order that they may be set
off against each other; but where a judgment has been obtained,
on the relation of A., against B. and his sureties, on a consta-
ble's bond, B. may have a judgment obtained by him against
A. set off against the judgment on the bond.

In the case of *Wright* v. *Cobleigh,* 3 Foster N. H. 32, it
was held: 1. That courts of law have power to set off mutual
judgments. 2. The set-off is made between the real and equi-
table owners of the judgment, and not between the nominal
parties. 3. If the defendant against whom a judgment is recov-
ered is the assignee and equitable owner of an ascertained part
of a judgment recovered against the plaintiff in the name of
another person, that part may be set off against the plaintiff's
judgment.

In the present case, William Mondy is the beneficial owner

of the judgment against the appellant, and we think the right of set-off exists.

The judgment is reversed, with costs; and the cause is remanded for another trial, in accordance with this opinion.