## Buck v. Steffey.

MISTAKE.—*Promissory Note.*—*Burden of Proof.*— The burden of proof of an alleged mistake in a promissory note in suit is upon the party alleging the mistake ; and it must be shown to have been mutual.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb a finding upon the mere weight of evidence.

From the Knox Circuit Court.

*T. R. Cobb* and *O. H. Cobb*, for appellant.

*W. F. Pidgeon*, for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant, upon a promissory note, of which the following is a copy :

"$1,479.75.              March 21st, 1874.

" On or before the 1st day of March, 1876, I promise to pay to the order of George W. Steffey fourteen hundred and seventy-nine and seventy-five one-hundreths dollars, value received, without any relief from valuation or appraisement laws, with ten per cent. interest from the 1st day of March, 1874, until paid."

(Signed,)            his
                  "LEANDER + BUCK.
                     mark.

" Teste : A. DUNN."

It was alleged in appellee's complaint, that the note, less certain specified credits, was due and unpaid ; and judgment was demanded for two thousand dollars.

The appellant answered in three paragraphs, in substance, as follows:

1. A general denial;

2. Payment; and,

3. By way of cross-complaint, the appellant said, that, on the 21st day of March, 1874, he entered into a contract with the appellee, whereby, among other things, he agreed to execute to the appellee a note for one thousand four hundred and seventy-nine dollars and seventy-five cents, payable on the 1st day of March, 1876, without relief, etc., and bearing interest at the rate of ten per cent. per annum from the 1st day of March, 1875; that the note in suit was drafted, and by mistake of the draftsman was made, to bear interest from March 1st, 1874, instead of March 1st, 1875; and that the appellant, by mistake, signed said note, believing that it contained these words, " with ten per cent. interest from the 1st day of March, 1875," instead of " from the 1st day of March, 1874," as the note in suit then read. Wherefore the appellant asked, that the said mistake in said note might be corrected.

The appellee replied by general denial, to the second and third paragraphs of said answer.

The issues joined were tried by the court, and a finding was made for the appellee. The appellant's motion for a new trial was overruled, and his exception was entered to this ruling, and the court rendered judgment on its finding.

The overruling of his motion for a new trial is the only error assigned by the appellant in this court; and the only question thereby presented for our decision is, whether or not, upon the weight of the evidence, there was a mistake in the note in suit, which the appellant was entitled to have corrected. Before the appellant could have the alleged mistake corrected and obtain a reformation of the note in suit, as the burthen of this issue was on him, it

was necessary that he should show, by a fair preponderance of the evidence, that the alleged mistake existed, and that it was the mutual mistake of the appellee as well as of himself. It was not enough for the appellant to show, as alleged in his cross complaint, that he, by mistake, executed the note as it was drafted; but he should have shown that the mistake in the note was the mutual mistake of both the parties thereto. *Baldwin* v. *Kerlin*, 46 Ind. 426; *Barnes* v. *Bartlett*, 47 Ind. 98; *Heavenridge* v. *Mondy*, 49 Ind. 434.

In this case, the appellant testified that there was such a mistake in the note, as he had alleged in his cross complaint; while, on the contrary, the appellee testified that the note was right, and the attesting witness, who drafted the note, testified that he wrote the note as the appellant directed. It would seem that the preponderance of the evidence fairly sustained the finding; but, whether it did or not, there was certainly evidence introduced which tended to sustain the finding of the court, and that is all that is required in this court. We have so often decided, in such cases, that we would not disturb the finding or verdict upon the mere weight of the evidence, that we may be excused, we trust, from citing authorities to that effect.

Our reports are full of such decisions.

The judgment is affirmed, at the appellant's costs, with three per centum damages.