No. 16,087.

## BOYD ET AL. *v.* WEAVER ET AL.

INJUNCTION.—*Against Levying of Execution.*—*Justice of the Peace.*—*Refusal to Approve Appeal Bond.*—*Mandamus.*—*Practice.*—In an action to enjoin the levying of an execution, for the reason that the justice of the peace, in whose court the judgment was rendered, had refused to approve a good and sufficient appeal bond, the complaint is insufficient which does not state any defense to the cause of action upon which the judgment was rendered, nor that they have any defense to the same. The proper remedy in such a case is by mandate, to compel the justice to approve the bond and grant the appeal.

From the Clinton Circuit Court.

*T. H. Palmer*, *W. F. Palmer* and *F. M. Goldsberry*, for appellants.

*S. O. Bayless* and *C. G. Guenther*, for appellees.

OLDS, J.—The appellees Weaver and others brought this suit in the court below against the appellants Jonathan D. Boyd and William F. Crouch, to enjoin the levying of an execution issued on a judgment rendered by a justice of the peace in favor of the appellant Boyd against the appellees, and upon which judgment the execution had been issued by the justice and delivered to the appellant Crouch as constable.

The court first issued a temporary restraining order, and on final hearing perpetually enjoined the levying of the execution.

This appeal is prosecuted, and the appellants assign as error that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges the rendition of the judgment for a blank sum, the amount is not stated, and for $8.85 costs; that within thirty days from the rendition of the judgment the appellees tendered to the justice an appeal bond in double the amount of the judgment, with one Coyner as surety; that Coyner was solvent, owning over two thousand dollars' worth of real and personal property, over and above liens and incumbrances, and that the bond was good and ample as an appeal bond, because of the solvency of said surety.

It alleges the issuing of an execution on the judgment and the delivery of the same to appellant Crouch as constable, and that he is about to levy it, and unless restrained will do so; that the justice refused to approve said appeal bond and certify said cause to the circuit court, and for that reason no appeal had been taken.

The complaint does not state, nor attempt to state, any defense to the cause of action upon which the judgment was rendered, or even allege that the appellees have any defense to the same.

The facts stated in the complaint do not entitle the ap-

pellees to an injunction enjoining the levying of the execution.

From aught that appears by the facts stated in the complaint, there was a valid judgment rendered against the appellees in favor of appellant Boyd by the justice of the peace. If the appellees desired to avoid that judgment, they should have done so by appeal. The statute prescribes the manner in which an appeal may be had, viz., by filing with the justice, within thirty days from the rendition of the judgment, a bond conditioned as required by the statute, and with surety to be approved by the justice. Sections 1499 and 1500, R. S. 1881.

If appellees tendered a bond payable to the judgment plaintiff, within the time, sufficient in amount and conditioned as required by statute, with good and sufficient surety, to be approved by the justice, the surety being amply good, if the justice failed or refused to approve the bond, he might have been compelled by mandate to do so. The failure of the justice to discharge his duty does not deprive the party of his appeal. *State, ex rel.,* v. *Cressinger,* 88 Ind. 499; *State, ex rel.,* v. *Engle,* 127 Ind. 457; *Baragree* v. *Cronkhite,* 33 Ind. 192; *Coats, J. P.,* v. *State, ex rel.,* 133 Ind. 36; *State, ex rel.,* v. *Porter, Trustee,* 134 Ind. 63.

Section 1503, R. S. 1881, also provides that appeals may be authorized by the circuit court, after thirty days, when the party seeking the appeal has been prevented from taking the appeal by circumstances not under his control.

These modes of taking an appeal and relieving a party from a judgment rendered against him before a justice of the peace are prescribed by statute, and are adequate remedies. If a party could resort to proceedings by injunction to defeat the collection of a valid judgment rendered against him by reason of the failure of the justice

to discharge his duty, he could deprive the judgment plaintiff who is without fault from the benefit of a valid judgment in his favor. We are not favored with any brief on behalf of the appellees, and are not advised upon what theory the injunction was granted.

The complaint does not state a cause of action.

Judgment reversed, at the costs of the appellees.

