## CALVERT v. HENDRICKS ET AL.

[No. 19,246.    Filed December 14, 1900.]

JUSTICES OF THE PEACE.—*Judgments.*—*Injunction.*—An action can not be maintained to have a judgment rendered by a justice of the peace declared void, and to enjoin the issuance of an execution thereon, because of irregularities, since the statute granting an appeal furnishes an adequate legal remedy.

From the Boone Circuit Court.    *Affirmed.*

*A. J. Shelby,* for appellant.

*D. J. McMath, Allen Stahl, H. H. Griffin* and *Samuel Griffin,* for appellees.

BAKER, J.—Suit by appellant to have a judgment declared void, and to enjoin the issuance of an execution. Demurrer to the complaint sustained. Upon appellant's refusal to amend, judgment was rendered. The error assigned is that the court erred in sustaining the demurrer.

The complaint avers these facts to be true: On June 11, 1898, appellee Lemuel W. Harris filed with appellee Hendricks, a justice of the peace of Marion township, Boone county, Indiana, a complaint, asking for $200 damages against appellant for an alleged assault and battery. The cause was set for hearing on June 15, 1898, and appellant was summoned to appear. Appellant appeared in person and by attorney and, his demurrer to the complaint being overruled, demanded a jury, which was impaneled and sworn to try the cause. During the progress of the trial it was discovered that appellee Lemuel W. Harris was a minor, whereupon appellant moved to dismiss the case. Appellee G. B. Harris signed a written statement wherein he consented to appear as next friend and be responsible for costs and the motion to dismiss was overruled. Thereafter, upon motion of Harris, the justice discharged the jury, over the objection of appellant, and heard the case without

State, *ex rel., v.* Cox.

a jury, and rendered judgment against appellant for $200 and costs. Appellees are threatening to issue an execution and to levy upon the goods and chattels of appellant to satisfy the judgment.

These facts show that the justice had jurisdiction of the subject-matter and of the person of appellant, unless he lost jurisdiction by reason of what occurred after appellant appeared. The impaneling of a jury did not deprive the justice of his judicial powers as the presiding officer of the court. It is unnecessary to review the grounds of the motion to withdraw the case from the jury, because it was within the power and it was the duty of the justice to pass upon the motion, and his action, however erroneous, was not void. In *Boatz* v. *Berg,* 51 Mich. 8, 16 N. W. 184, relied upon by appellant, the defendant had demanded a jury and paid the required fee. The justice proceeded to try the cause without a jury, "against defendant's objection and without his consent". The court affirmed the judgment of the circuit court holding, on *certiorari,* that the judgment of the justice was erroneous,—not void. If appellant desired to avoid the judgment, he should have done so by appeal. The mode of taking an appeal and relieving a party from a judgment rendered against him before a justice of the peace is prescribed by statute, and furnishes an adequate legal remedy. §§1567-1571 Burns 1894, §§1499-1503 R. S. 1881 and Horner 1897; *Baragree* v. *Cronkhite,* 33 Ind. 192; *Boyd* v. *Weaver,* 134 Ind. 266.

Judgment affirmed.