SULLIVAN, Judge,
dissenting.
The will provision directing the payment of taxes is not ambiguous. Notwithstanding what may have been Louise’s subjective intent to “extend to her daughter, Kaye Louise Edmonds, the maximum financial security ...” (Record at 43), she did not do so, at least to the extent that Ms. Edmonds would benefit from a recoupment of the tax benefit realized by the Maurice Jones Trust.
There is no right of recovery under 26 U.S.CA. § 2207A(a)(l) because the will provision constitutes the “if the decedent otherwise directs by will” disqualification set forth in § 2207A(a)(2). The interpretation utilized by the trial court and by the majority here, through forced construction and somewhat circuitous reasoning, produces a possible intention held by the testator but one which is far from apparent considering the language of the provision itself. That interpretation, which in reality created an ambiguity not otherwise existent, was and is inappropriate. Hauck v. Second National Bank of Richmond (1972) 2d Dist., 153 Ind.App. 245, 286 N.E.2d 852. To the contrary, the will provision directs that four distinct categories of items be paid from the residuary estate without apportionment — (1) taxes, (2) “debts which I am legally obligated to pay at the time of my death” (Record at 23), (3) expenses of last illness and burial, and (4) costs of administration. The phrase “together with all debts which I am legally obligated to pay at the time of my death” is a grammatically and legally distinct and independent clause. The use of “together with” clearly denotes that taxes fall in a category distinct from debts. A fair and objective reading of the will provision discloses that reasonable persons would not honestly differ as to the meaning of its terms. The provision is *1302 therefore not ambiguous. Rose v. Rose (1988) 1st Dist. Ind.App., 526 N.E.2d 231.
The law holds one to the consequences of words consciously chosen and used in an instrument. 4 Williston on Contracts (3d ed.) § 606. It is not enough to say that although Louise did in fact use words which created certain legal consequences, she did not intend the consequences which flowed. Whatever may have been the motive or purpose of Louise in using the particular language in the will provision, she did in fact use those words. There is no showing that she was defrauded or coerced. The purpose and motive behind the use of the words must be distinguished from the intent to use them. Robison v. Fickle (1976) 2d Dist., 167 Ind. App., 651, 340 N.E.2d 824. In short, as stated long ago in Heavenridge v. Mondy (1875) 49 Ind. 434, 439:
“A mistake as to the legal effect of words inserted designedly in a written instrument gives no right to a reformation of such instrument”.
Although the trial court judgment may have been an effort to achieve a degree of equity as between Ms. Edmonds and the presumably disliked nephew of Maurice’s first wife; and although the majority opinion here approves such effort, the language of Louise’s will dictates the contrary result.[1]
The judgment should be reversed and the cause remanded with directions to enter judgment for FWNB.

. Even were I to agree with the majority that the tax payment provision of the will is ambiguous, I am at a loss to understand how the very fact sensitive issue of Louise’s intent can be resolved by summary judgment. In this respect, I am inclined to agree with Judge Staton’s dissent in Funk v. Funk (1990) 1st Dist. Ind.App., 563 N.E.2d 127, 134.